**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John HOPKINS, Defendant-Appellant.**

**No. 12434.**

United States Court of Appeals Seventh Circuit.

Feb. 5, 1959.

Rehearing Denied March 16, 1959.

598

Edward R. Gayles, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., Chicago, Ill.; Charles R. Purcell, Jr., and John Peter Lulinski, Asst. U. S. Attys., Chicago, Ill., of counsel, for appellee.

Before DUFFY, Chief Judge, and PARKINSON and KNOCH, Circuit Judges.

PARKINSON, Circuit Judge.

The defendant-appellant John Hopkins was convicted under an indictment charging him with a violation of the narcotic laws, 21 U.S.C.A. § 174. This appeal followed.

The contested issue is stated by Hopkins in his brief as follows:

"The sole question in this case is whether the arrest and subsequent search of John Hopkins without a warrant violated The Fourth Amendment to the United States Constitution."

The facts are not in dispute. About 7:00 P. M. on February 11, 1958 Agents Graff and Wimpey of the Federal Bureau of Narcotics were parked in a government car near the building at 110–112 South Hoyne Street in Chicago where Hopkins, alias Conk, had an apartment. They were there and had the premises under surveillance because of information received from two sources, one of proven reliability, that a delivery of heroin would be there made between 7:00 P. M. and midnight to Hopkins by one Harold Johnson and a Juanita Warren in a red and white 1957 Ford with a continental kit on the back.

About 9:00 P. M. Agents Graff and Wimpey saw a red and white 1957 Ford with a continental kit pull up. It was occupied by three men and a woman. When it stopped, Hopkins, who was known to both Graff and Wimpey, got out. Agent Wimpey got out of his car and followed Hopkins into the building where Hopkins lived. The Ford took off with Agent Graff in pursuit in his car. Agent Wimpey overtook Hopkins on the stairway inside the building, placed him under arrest, searched him and found a bag in his right topcoat pocket containing 4 ounces of heroin. With these facts before the District Court the motion of Hopkins to suppress was denied and his conviction followed.

On January 26, 1959 the Supreme Court in effect decided this case when in Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327, Justice Whittaker, speaking for the Court, held that the information furnished to the arresting narcotic agent there was sufficient to constitute reasonable grounds to arrest without a warrant.

To paraphrase the language of Justice Whittaker, we believe that, under the facts and circumstances here, Agent Wimpey had probable cause and reasonable grounds to believe that Hopkins was committing a violation of the laws of the United States relating to narcotic drugs at the time he arrested him. The arrest was therefore lawful, and the subsequent search and seizure, having been made incident to that lawful arrest, were likewise valid. It follows that Hopkins' motion to suppress was properly denied and the seized heroin was competent evidence.

The judgment is affirmed.